Citation Nr: 1126164 
Decision Date: 07/12/11 Archive Date: 07/19/11

DOCKET NO. 05-13 513 ) DATE
 )
 )

Received on appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for a right ovarian cyst.


REPRESENTATION

Veteran represented by: Virginia Department of Veterans Services


ATTORNEY FOR THE BOARD

Kristy L. Zadora, Associate Counsel



INTRODUCTION

The Veteran served on active duty from October 1982 to November 2002.

This case came before the Board of Veterans' Appeals (Board) initially on appeal from a June 2003 rating decision issued by the Phoenix, Arizona Regional Office (Phoenix RO) of the Department of Veterans Affairs (VA) which, in pertinent part, denied the Veteran's claim for service connection for a right side ovarian cyst.

In October 2003, this matter was transferred to the Roanoke, Virginia RO (Roanoke RO).

In a June 2004 notice of disagreement, the Veteran indicated her objection to the denial of her claims for service connection for neck strain, for numbing or tingling, for an ovarian cyst, and for hyperopia. In a May 2007 decision, a Decision Review Officer (DRO) granted service connection for a cervical sprain and for decreased sensation in the left index and middle fingers and assigned initial ratings; the Veteran has not appealed these assigned initial ratings. Her claim for service connection for hyperopia was denied in an unappealed August 2009 Board decision. Only the instant claim listed on the title page is therefore before the Board for further appellate consideration.

The Veteran withdrew her request for a hearing in February 2008. See 38 C.F.R. § 20.704(e) (2007).

The Board remanded the instant matter in August 2009 for additional development.


FINDINGS OF FACT

1. The Veteran failed without good cause to report for a necessary VA gynecologic (GYN) examination scheduled in November 2009 in conjunction with the instant claim for service connection.

2. The evidence of record does not establish the existence of the alleged ovarian cyst nor a nexus between the claimed right ovarian cyst and service.


CONCLUSION OF LAW

The criteria for service connection for a claimed right ovarian cyst have not been met. 38 U.S.C.A. §§ 1110, 1131, 5107(b) (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.655 (2010).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

VCAA

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations imposes obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.156(a), 3.326(a) (2010).

Proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 73 Fed. Reg. 23, 353 (Apr. 30, 2008).

The United States Court of Appeals for Veterans Claims (Court) has also held that the VCAA notice requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) apply to all five elements of a service-connection claim. Those five elements include: (1) veteran status; (2) existence of a disability; (3) a connection between a veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The Veteran was notified of the evidence and information required to substantiate her claim for service connection for a right ovarian cyst in a May 2007 post-adjudication letter. This letter also informed her of what evidence VA would obtain, what evidence she was expected to provide, and of what assistance the VA could provide the Veteran in obtaining this evidence. The Veteran's status as a veteran has been substantiated. The remaining elements of proper Dingess notice were provided in the March 2007 letter.

Generally, VCAA notice, as required by 38 U.S.C. § 5103(a), must be provided to a claimant before the initial unfavorable adjudication by the RO. See Pelegrini v. Principi, 18 Vet. App. 112 (2004). This timing deficiency was cured by the readjudication of the claim in a December 2010 supplemental statement of the case (SSOC). Mayfield v. Nicholson, 444 F.3d 1328 (2006).

The duty to assist contemplates that VA will help a claimant obtain records relevant to his claim(s), whether or not the records are in Federal custody, and that VA will provide a medical examination and/or opinion when necessary to make a decision on the claim. 38 C.F.R. § 3.159(c)(4).

VA has met its duty to assist the Veteran in the development of her claim. The Veteran's service treatment records and various private treatment records have been obtained. 

In August 2009, the Board remanded the instant claim to allow a VA GYN examination was to be conducted to determine the etiology of any current ovarian cysts. A copy of the notification for the scheduled examination was to be placed in the claims file. The Veteran failed to appear for a VA GYN examination had been scheduled for November 2009; she had been notified that such an examination that was to be scheduled in an October 2009 letter. The Veteran was advised that this examination was necessary to adjudicate her claim in the Board's August 2009 remand. Both the Board's August 2009 remand and the October 2009 letter notified the Veteran that the failure to appear for a scheduled examination without good cause may result in the denial of her claim. The Veteran has not provided any explanation for her failure to appear for the scheduled VA examination nor has she requested that this examination be rescheduled. The Board therefore concludes that there has been substantial compliance with the terms of its previous remand. See Dyment v. West, 13 Vet. App. 141, 146-47 (1999). Moreover, the Veteran has not completed additional authorization forms to allow VA to obtain any private treatment records. VA is only obligated to obtain records that are adequately identified and for which necessary releases have been submitted. See 38 C.F.R. § 3.159(c)(1). Hence, the Board has no alternative but to adjudicate the Veteran's claim on the basis of the current record.

As the Veteran has not indicated that there is any outstanding pertinent evidence to be obtained, the Board may proceed with the consideration of the instant claim.

Service Connection Criteria

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a).

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996) (table); see also Hickson v. West, 12 Vet. App. 247, 253 (1999); 38 C.F.R. § 3.303.

Under 38 C.F.R. § 3.303(b), an alternative method of establishing the second and third Shedden/Caluza elements is through a demonstration of continuity of symptomatology. Barr v. Nicholson, 21 Vet. App. 303 (2007); see Savage v. Gober, 10 Vet. App. 488, 495-97 (1997); see also Clyburn v. West, 12 Vet. App. 296, 302 (1999).

In relevant part, 38 U.S.C.A. § 1154(a) requires that VA give "due consideration" to "all pertinent medical and lay evidence" in evaluating a claim for disability or death benefits. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

The United States Court of Appeals for the Federal Circuit (Federal Circuit) has held that "[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical profession." Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) ("[T]he Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence.").

Once evidence is determined to be competent, the Board must determine whether such evidence is also credible. See Layno v. Brown, 6 Vet. App. 465 (1994) (distinguishing between competency ("a legal concept determining whether testimony may be heard and considered") and credibility ("a factual determination going to the probative value of the evidence to be made after the evidence has been admitted").

Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

When a claimant fails to report for a necessary examination scheduled in conjunction with an original compensation claim, the claim shall be rated based on the evidence of record. When the examination was scheduled in conjunction with any other original claim, a reopened claim for a benefit which was previously disallowed, or a claim for increase, the claim shall be denied. 38 C.F.R. § 3.655(a), (b).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

Factual Background

A November 1981 service entrance examination was negative for any relevant abnormalities and the Veteran denied being treated for any female disorders in an accompanying Report of Medical History (RMH). An April 1992 pelvic sonogram reveals a moderately large right ovarian cyst. The Veteran's right ovary was mildly tender on physical examination in April 1992.

A May 1992 pelvic sonogram found a moderately large right ovarian cyst. A September 1995 pelvic ultrasound reveals a right ovarian corpus luteum cyst that was decreased in size compared to the previous reports. An April 1997 pelvic sonogram demonstrated no significant abnormality and a history of ovarian cysts was noted in April 1997. Slight asymmetric enlargement of the right ovary was noted in a November 1997 pelvic ultrasound. A February 1998 and a July 1998 pelvic ultrasound were normal.

A May 2002 service discharge examination was negative for any relevant abnormalities although a pelvic examination was not conducted. The Veteran reported a history of a cyst in an accompanying Report of Medical Assessment.

An October 2002 pre-discharge VA general medicine examination was negative for complaints, findings or diagnoses related to an ovarian cyst. Although the Veteran appeared to suggest that a pelvic examination was performed during this examination, the examination report was negative for such findings and the Veteran did not provide any further detail regarding the purported examination.

The Veteran failed to appear for a VA GYN examination scheduled in January 2003.

A March 2005 VA orthopedic examination was negative for complaints, findings or diagnoses related to an ovarian cyst.

The Veteran again failed to appear for a VA GYN examination scheduled in November 2009.

Analysis

As discussed above, the Veteran failed without explanation to report for the VA GYN examination scheduled in November 2009. The record shows that the Veteran had notice of this scheduled examination and that she has not offered good cause for her failure to attend this examination.

VA informed the Veteran of the provisions of 38 C.F.R. § 3.655. The Board's remand explained to her in detail why the GYN examination was necessary and also informed her that the failure to report to any scheduled examination might well result in the denial of the claim. The scheduled examination was necessary to determine whether the Veteran suffered from a current disability that was related to service.

The contemporaneous record demonstrates several in-service findings of an ovarian cyst prior to 1998; however, pelvic ultrasounds performed in February 1998 and July 1998 were normal. The available post-service treatment records are negative for complaints, findings or diagnoses related to an ovarian cyst. The Veteran has not reported, and the clinical evidence does not demonstrate, the existence of an ovarian cyst and/or continuity of symptomatology for the claimed ovarian cyst since service although a May 2002 Report of Medical Assessment did appears to suggest that she had had an ovarian cyst from 1984 to the time of that evaluation. An examination could have assisted in resolving these contradictions. Thus, the evidence fails to show the existence of an ovarian cyst. In the absence of proof of a present disability there can be no valid claim." Brammer v. Brown, 3 Vet. App. 223, 225 (1992); see also Rabideau v. Derwinski, 2 Vet. App. 141, 143-44 (1992). Moreover, no other evidence purporting to show a nexus between the claimed ovarian cyst and service has been submitted.

As the preponderance of the evidence is against a claimed ovarian cyst and service, the preponderance of the evidence is against the service-connection claim; and the claim must be denied. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


ORDER

Entitlement to service connection for a right ovarian cyst is denied.



____________________________________________
M. R. VAVRINA
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs